**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **GOOSEHEAD INSURANCE AGENCY, LLC,** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | **Civil Action No. 4:19-cv-01040-O** |
| **WILLIAMS INSURANCE AND CONSULTING, INC. et al.,** | § § § | |
| **Defendants.** | § § | |

## ORDER

Before the Court are Defendants' Motion to Dismiss Under Fed R. Civ. P. 12(b)(2) and (b)(3), or in the Alternative, to Transfer Venue to the Eastern District of Michigan Pursuant to 28 U.S.C. § 1404(a) (ECF No. 9), filed January 8, 2020; Plaintiff's Response and Appendix in Support (ECF Nos. 29–30), filed January 20, 2020; and Defendants' Reply and Appendix in Support (ECF Nos. 31–32), filed January 27, 2020.  After reviewing the briefing, record, and applicable law, and for the forgoing reasons, the Court finds that Defendants' Motion should be and is hereby **DENIED**.

## I.   BACKGROUND

On or around May 25, 2018, Defendants Williams Insurance and Consulting, Inc., Trisha M. Williams, and Joseph N. Williams (collectively, the "Williamses" or "Defendants") executed a franchise agreement (the "Agreement") with Plaintiff Goosehead Insurance Agency, LLC ("Goosehead" or "Plaintiff") to offer and sell property and casualty insurance products from an office located in Oakland County, Michigan. Defs.' Mot. Dismiss 2, ECF No. 9. On or around August 20, 2019, Goosehead terminated the Agreement with the Defendants upon discovering,

1

among other things, breach of the Agreement. Compl. 9–14, ECF No. 1. Defendants allege that they were wrongfully terminated and filed suit as plaintiffs in Michigan state court on November 25, 2019. Defs.' Mot. Dismiss 2, ECF No. 9. That case was removed by Goosehead to the Eastern District of Michigan. *Id.*

On December 17, 2019, Goosehead filed suit in this Court. It asserted that venue is proper because "Section 27.2 of the Agreement provides that an action between the parties 'must be brought within the state and judicial district in which [Goosehead maintains its] principal place of business.'" Compl. 3, ECF No. 1 (alteration in original). Defendants counter that Goosehead's assertion of the forum selection clause to establish venue is improper because it is an invalid clause pursuant to Michigan state law. Defs.' Mot. Dismiss 3, ECF No. 9. Defendants ask the Court to dismiss this case because of improper venue, lack of personal jurisdiction, or in the alternative, to transfer venue to the Eastern District of Michigan.

On February 11, 2020, Goosehead filed a Notice of Supplementary Authority in Support of Its Opposition to Defendants' Motion to Dismiss or Transfer the Complaint (the "Notice"), notifying the Court that the case in the Eastern District of Michigan had been dismissed based on the district court's determination that the forum selection clause was enforceable under the Sixth Circuit's case law.[1] Pl.'s Notice, Ex. A (E.D. Mich. Opinion and Order) 8, ECF No. 33.

## II.    LEGAL STANDARDS

The Fifth Circuit has recognized that a plaintiff's choice of venue is entitled to deference absent a showing a good cause that transfer is appropriate. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc). The question of whether venue is wrong or improper is generally governed by 28 U.S.C. § 1391. *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W.*

---

[1] *Williams Ins. and Consulting, Inc. v. Goosehead Ins. Agency, LLC*, Case No. 3:19-CV-13706-RHC-MJH (E.D. Mich. Feb. 11, 2020).

*Dist. of Tex.*, 571 U.S. 49, 55 (2013). That provision provides that "[a] civil action may be brought in –(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).[2]

A party moving to dismiss based on improper venue does so pursuant to Rule 12(b)(3). *See* Fed. R. Civ. P. 12(b)(3). In determining whether venue is proper, "the court is permitted to look at evidence beyond simply those facts alleged in the complaint and its proper attachments." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (citing *Lane ex rel. Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) ("[T]he court may find a plausible set of facts by considering any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." (internal quotation marks omitted))). When a case is filed in a division or district of improper venue, the district court may either dismiss the case or transfer it to any district or division of proper venue. 28 U.S.C. § 1406(a). However, a case filed in a district that falls within § 1391 may not be dismissed under § 1406(a) or Rule 12(b)(3). *Atl. Marine*, 571 U.S. at 56.

---

[2] Other provisions of § 1391 define the requirements for proper venue in particular circumstances.

3

### III.   ANALYSIS

The primary issue here is whether the Agreement's forum selection clause is enforceable, and if not, which venue is proper for this case to proceed in pursuant to 28 U.S.C. § 1404(a).

#### A.  Forum Selection Clause

In the Fifth Circuit, "even in diversity cases, federal law governs the 'enforceability' of forum-selection clauses . . . ." *Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 301 (5th Cir. 2016) (citing *Haynsworth v. The Corp.*, 121 F.3d 956, 962 (5th Cir. 1997)). This law requires a party attacking a forum selection clause to overcome a presumption of enforceability by showing that the clause is unreasonable under the circumstances because: 1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; 2) the party seeking to escape enforcement will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; 3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or 4) enforcement of the forum selection clause would contravene a strong public policy of the forum state. *See id.* Only the fourth element is contested. *See* Defs.' Mot. Dismiss 3–7, ECF No. 9.

    1.   <u>Michigan Franchise Investment Law</u>

Defendants' argument that enforcing the forum selection clause would contravene a strong public policy of Texas rests on Texas choice of law principles. *Id.* at 5. In Texas, a court will not enforce its laws, even in the presence of a choice-of-law provision,[3] "if another state: (1) has a more significant relationship with the parties and the transaction at issue than the chosen state; (2) has a materially greater interest than the chosen state does in the enforceability of a given provision; and (3) has a fundamental policy that would be contravened by the application of the

---

[3] Paragraph 27.1 of the Agreement specifies Texas law applies. Pl.'s Compl. Ex. A (Franchise Agreement) 58, ECF No. 1.

4

chosen state's law." *ECL Grp., LLC v. Mass*, No. 3:17-CV-2399-D, 2018 WL 949235, at *6 (N.D. Tex. Feb. 20, 2018) (Fitzwater, J.) (citing Restatement (Second) of Conflict of Laws § 187 (Am. Law Inst. 1971)); *see also Hyde & Hyde, Inc. v. Mount Franklin Foods, LLC*, 523 F. App'x 301, 305 (5th Cir. 2013) ("In Texas . . . the Court 'respect[s] the parties' choice of law unless the chosen law has no relation to the parties or the agreement, or their choice would offend the public policy of the state whose laws otherwise ought to apply.'").

Here, Defendants satisfy all three prongs of the restatement test employed by *ECL*. Defendants are residents of Michigan, Defendants negotiated and signed the Agreement in Michigan, and the franchise was ultimately operated in Michigan. Defs.' Mot. Dismiss 5, ECF No. 9; Defs.' App. Supp. Reply Ex. A (Trisha Aff.) 3, ECF No. 32; Defs.' App. Supp. Reply Ex. B (Joseph Aff.) 6, ECF No. 32. These factors, particularly the Agreement stipulating to performance of the franchise in Michigan, amount to Michigan having a "more significant relationship" in the transaction than Texas, which satisfies the first prong. *See ECL Grp.*, 2018 WL 949235, at *6.

Prongs two and three are satisfied by the existence and policy of the Michigan Franchise Investment Law ("MFIL"). Mich. Comp. Laws § 445.1501 (2020). Section 445.1527(b) and (f) of MFIL shows that Michigan has a greater interest in the enforceability of the provision, and that its public policy would be contravened by application of Texas law, because the MFIL expressly prevents contractual waiver of its statutory protections and prohibits provisions that require arbitration or litigation be conducted outside Michigan. Those provisions of the MFIL read:

> Each of the following provisions is void and unenforceable if contained in any documents relating to a franchise: . . . (b) A requirement that a franchisee assent to a release, assignment, novation, waiver, or estoppel which deprives a franchisee of rights and protections provided in this act. This shall not preclude a franchisee, after entering into a franchise agreement, from settling any and all claims. . . . (f) A provision requiring that arbitration or litigation be conducted outside this state. This

5

shall not preclude the franchisee from entering into an agreement, at the time of arbitration, to conduct arbitration at a location outside this state.

*Id.* at (b), (f).

The Fifth Circuit recognizes that pursuant to Texas law, the parties cannot agree to "thwart or offend the public policy of the state the law of which ought otherwise to apply" in a choice-of-law provision. *Cardoni v. Prosperity Bank*, 805 F.3d 573, 580 (5th Cir. 2015) (citing *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 677 (Tex. 1990)); *see ECL Grp.*, 2018 WL 949235, at *7 (noting *Cardoni* Court's reading of holding in *Desantis*). Enforcement of the Agreement's forum selection clause runs contrary to Michigan's public policy because it goes against the text and protections of the MFIL.

As such, the Agreement's forum selection clause is unreasonable under the circumstances. Enforcing the forum selection clause to continue this case in Texas—despite MFIL provisions that directly prohibit this—would run afoul of Texas's strong public policy of not enforcing its own laws over another state's when it would contravene that state's fundamental policies. Having determined that the forum selection clause is unenforceable, the Court will now discuss the proper venue of this action.

### B. Transferring

A motion to transfer venue is governed by 28 U.S.C. § 1404(a), "which provides that '[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.'" *Atl. Marine*, 571 U.S. at 52. District courts have broad discretion in deciding whether to order a transfer pursuant to § 1404(a). *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008).

Consideration of a venue transfer is proper pursuant to 28 U.S.C. § 1404(a), not § 1406(a), because Texas is a proper venue pursuant to § 1391(b)(2), which states that "[a] civil action may

be brought in—a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." *Atl. Marine*, 571 U.S. at 56; 28 U.S.C. § 1391(b)(2). The alleged claims relating to breach of the Agreement, such as fraudulent inducement and breach of contract among others, substantially arose during Defendants' visit to Goosehead's Texas office. Pl.'s App. Supp. Resp. Ex. B (Decl. Langston) 9–10, ECF No. 30. Defendants' alleged conduct in Texas include: 1) participating and learning about becoming Goosehead's franchise in "Discovery Day"; 2) fraudulently inducing Goosehead by promising not to sell competing insurance products; 3) returning to attend Goosehead's initial management training program; and 4) beginning the operations of their franchise by implement Goosehead's system and selling thirty insurance policies.[4] *Id.* at 9–11.

"[T]he courts consider various private- and public-interest factors" when determining forum pursuant to § 1404(a), *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 766 (5th Cir. 2016). The private-interest factors include: 1) relative ease of access to sources of proof; 2) availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; 3) possibility of view of premises, if view would be appropriate to the action; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Id.* at 766–67 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The public-interest factors include: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized controversies decided at home; and 3) the interest in having the trial of a diversity

---

[4] The Court determines these acts amount to minimum contacts sufficient to confer personal jurisdiction over Defendants' claims. Breaching the Agreement and continuing the use of trademarks after Defendants' decision to become Goosehead's franchisee are quintessential facts courts have determined to establish personal jurisdiction. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479–80 (1985) (holding that personal jurisdiction existed over a franchisee that breached a contract and continued using franchisor's trademarks and confidential business information after termination because he "deliberately 'reach[ed] out beyond' Michigan and negotiated . . . for the purchase of a long-term franchise and the manifold benefits that would derive from affiliation with a nationwide organization.") (alteration in original) (citing *Travelers Health Ass'n. v. Virginia*, 339 U.S. 643, 647 (1950)).

case in a forum that is at home with the law. *Id.* at 767. "A plaintiff's choice of forum is given 'some'—significant but non-determinative—weight." *Id.* (citing *Atl. Marine*, 571 U.S. at 62 n.6).

The private-interest factors seem to favor Defendants. Defendants argue that documents and records pertinent to the causes of action are maintained in their principal place of business— the Eastern District of Michigan. Defs.' Mot. Dismiss 12–13, ECF No. 9. Not only is the franchise at issue located in Michigan, the alleged illegal sales of competing insurance products, witnesses that purchased these products, records and documents of these sales, and other illegal business conducted are all located in Michigan. Compl. 7–9, ECF No. 1. Transferring this case to Michigan will contribute towards an easy, expeditious, and inexpensive trial of this case. Neither party offers persuasive public-interest factors that favor a transfer one way or another. The strongest public-interest argument is Defendants' contention that keeping this case in Texas will contravene Michigan's strong public policy, evident in the MFIL. Defs.' Reply 9, ECF No. 31.

This weighing of these private- and public-interest factors favor a transfer to Michigan. However, the Court is aware of and must consider the status of the dismissed, concurrent case in the Eastern District of Michigan. Pl.'s Notice Ex. A (E.D. Mich. Opinion and Order) 8, ECF No. 33. In that case, the Eastern District of Michigan determined that the Agreement's forum selection clause was valid, pursuant to Sixth Circuit case law, and dismissed it. *Id.* at 5–9 ("Plaintiff is required to litigate in the Northern District of Texas and cannot continue in the Eastern District of Michigan."). The Sixth Circuit does not consider the Fifth Circuit's fourth element of "enforcement of the forum selection clause would contravene a strong public policy of the forum state" in determining enforceability of a forum selection clause. *See Barnett*, 831 F.3d at 301 (citing *Haynsworth*, 121 F.3d at 962); *see also Smith v. Aegon Cos. Pension Plan*, 769 F.3d 922, 930 (6th Cir. 2014). This difference in case law presents a conflict where the enforceability of the

Agreement's forum selection clause is dependent on the circuit this case is filed in. As discussed above, the Fifth Circuit's consideration of the forum state's public policy renders the forum selection clause unenforceable as applied in this Court, while the Sixth Circuit does not consider this element and would dismiss this case for not meeting any of the other elements to overcome the forum selection clause's enforceability. Due to this and the Eastern District of Michigan's dismissal of its concurrent case as a result, transferring this case to Michigan will deprive the parties of a remedy.

Transferring this case to a venue where the Court knows the parties will not have a remedy is an avoidable problem arising from a conflict of laws between the Fifth and the Sixth Circuits. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981) ("The public factors bearing on the question included . . . the avoidance of unnecessary problems in conflicts of laws . . . .") (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509 (1947)). The Court also does not find any support for Defendants' contention that Plaintiff is filing this suit to unfairly burden Defendants. Because the Court has broad discretion and finds that the principles of § 1404(a) allows the denial of transfer of this case, it holds that the Eastern District of Michigan's dismissal of its concurrent case swings the § 1404(a) factors in favor of denying Defendants' motion to transfer in the interest of justice—maintaining the parties' ability to obtain a remedy in a court of law. *See In re Volkswagen of Am., Inc.*, 545 F.3d at 312; *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 506–08 (1947) (noting that the doctrine of forum non conveniens:[5] 1) furnishes criteria for choosing between proper forums; 2) allows courts to resist jurisdiction that is authorized by a general venue statute; 3) federal law contains no express criteria to guide district court's discretion; and 4) the courts have utmost discretion in granting the transfer).

---

[5] *See Atl. Marine*, 571 U.S. at 60 ("Section 1404(a) is merely a codification of the doctrine of *forum non conveniens* . . . .").

## IV.    CONCLUSION

For the above reasons, Defendants' Motion to Dismiss Under Fed R. Civ. P. 12(b)(2) and (b)(3), or in the Alternative, to Transfer Venue to the Eastern District of Michigan Pursuant to 28 U.S.C. § 1404(a) (ECF No. 9) should be and hereby is **DENIED**. Accordingly, the instant case may proceed in this Court.

**SO ORDERED** this **20th day** of **March, 2020**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**