UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

GOOSEHEAD INSURANCE
AGENCY, LLC.,

        Plaintiff,

v.

Case No. 4:19-cv-01040

WILLIAMS INSURANCE AND
CONSULTING, INC., TRISHA M.
WILLIAMS and JOSEPH N.
WILLIAMS,

        Defendants.

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO DISMISS COUNTS I, III, IV AND V OF DEFENDANTS' FIRST AMENDED COUNTERCLAIM AND TO APPLY TEXAS LAW TO COUNTS II AND IV**

**INTRODUCTION**

Goosehead Insurance Agency ("Goosehead") submits this supplemental brief identifying further authority that Texas is the jurisdiction with the most natural connection to the parties' dispute. Texas' "qualified transaction" statute (Tex. Bus. & Com. Code § 271.001 *et seq.*) provides another basis for the Court to reaffirm the expectations of the sophisticated commercial parties' bargain by enforcing the franchise agreement's unambiguous and mandatory choice-of-law clause. As a "qualified transaction" with a reasonable relationship to Texas, the Court should enforce the choice-of-law clause *without regard to whether application of Texas law contravenes a possible Michigan fundamental policy.* This conclusion is dictated by black letter law, the facts presented here, and the parties' pleadings.

That said, even under the traditional Restatement choice-of-law analysis, the Court is afforded with sufficient legal authority—from both the Fifth and Sixth Circuits—to conclude that Texas law applies here. Put simply, the choice-of-law clause does not conflict with any Michigan public policy.

## ARGUMENT

### I. TEXAS STATUTORY LAW PROVIDES AN ALTERNATIVE BASIS FOR THE COURT TO ENFORCE THE AGREEMENT'S CHOICE OF LAW CLAUSE.

The Texas Business and Commercial Code addresses choice-of-law issues related to certain "qualified transactions", including commercial relationships where a party "pays or receives, or is obligated to pay or is entitled to receive, consideration with an aggregate value of at least $1 million." Tex. Bus. & Com. Code § 271.001(1).

Parties to a qualified transaction may select the governing law of the transaction on two conditions:

1) the parties must "agree in writing that the law of that jurisdiction governs the issue, including the validity or enforceability of an agreement relating to the transaction or a provision of the agreement"; and

2) the qualified transaction must "bear[] a reasonable relationship to that jurisdiction."

*See* Tex. Bus. & Com. Code § 271.005(a)(1)–(2). If both conditions are met, then "[t]he law of a particular jurisdiction governs an issue described by this section *regardless of whether the application of that law is contrary to a fundamental or public policy of this state or of any other jurisdiction*." *Id.* at § 271.005(b) (emphasis added).

### a. The Agreement evidences a qualified transaction.

The parties' transaction achieves the $1 million threshold because Defendants would be "obligated to pay" (and Goosehead would be "entitled to receive") such royalties, derived from Defendants' sales of insurance products. *See* Tex. Bus. & Com. Code § 271.001(1). The Goosehead Insurance Agency, LLC Franchise Agreement ("the Agreement"), executed by Trisha and Joseph, governs the parties' relationship. *See generally* ECF No. 42 ("Goosehead Br.") at 8.[1] The Agreement contemplates a ten-year relationship whereby Joseph Williams ("Joseph") and Trisha Williams ("Trisha") would be insurance producers for Williams Insurance and Consulting ("WIC"). Defendants are obligated to pay royalties based on their gross revenue from commissions of Goosehead Insurance products. *See* The Agreement, ECF No. 1-1, at ¶ 4.2; 4.2.9.

Goosehead's Franchise Disclosure Document ("FDD") demonstrates that the average gross revenue for the performance of a ten-year franchise would generate $904,371 in royalties per producer. *See* Declaration of Ryan Langston ("Langston Decl.") filed contemporaneously herewith, at ¶¶ 3–14. If Joseph and Trisha generated such average gross revenues, Goosehead would be entitled to receive $1,808,742 in royalties over the life of the Agreement. *Id.* at ¶ 15.

Furthermore, Defendants assert that WIC was in the top 20% of Michigan Goosehead franchises. *See* Amended Counterclaim, ECF No. 40, ("Am. Counterclaim") at ¶ 29. Taking this allegation as true, at least for the purposes of the pending Motion, Defendants would be obligated to pay royalties of $3,322,932 over the course of the Agreement. Langston Decl. at ¶¶ 16–18. Thus, Defendants' performance and obligations to Goosehead under the Agreement contemplate consideration of at least $1 million.

### b. The parties' qualified transaction bears a reasonable relationship to Texas.

---

[1] All record citations reference the file-stamped page number, not the in-text pagination.

As a threshold consideration, the Agreement's choice-of-law clause ("the Provision") is plainly a written agreement that Texas law governs the parties' relationship. Tex. Bus. & Com. Code § 271.005(a)(1). As the Court is well aware, the Agreement contains the Provision, which designates Texas law. *See* Goosehead Br. 8. Therefore, Defendants assented to Texas law when they executed the Agreement. *See also In re Perry*, 425 B.R. 323, 390, 2010 WL 668040 (Bankr. S.D. Tex. 2010).

Second, the parties' transaction bears a reasonable relationship to Texas. "A transaction bears a reasonable relation to a particular jurisdiction if the transaction, the subject matter of the transaction, or a party to the transaction is reasonably related to that jurisdiction." Tex. Bus. & Com. Code § 271.004(a). Texas bears a reasonable relationship to this transaction because:

- Goosehead is a resident of Texas *Id.* at § 271.004(b)(1)(A); *see also* Complaint, ECF No. 1, ("Compl.") at ¶ 1.

- Goosehead's principal place of business and corporate headquarters are located in Westlake, Texas. Tex. Bus. & Com. Code § 271.004(b)(1)(B); *see also* Compl. at ¶ 1.

- All of Goosehead's negotiations with Defendants took place in Westlake, Texas. Indeed, a substantial part of *Defendants'* negotiations took place in Texas. Tex. Bus. & Com. Code § 271.004(b)(1)(B); *see also* Goosehead Br. 13–14.

- As evidenced by the Provision, the subject matter of the transaction is located in Texas. Tex. Bus. & Com. Code § 271.004(b)(1)(C); *see also* Goosehead Br. 14–15, 20.

- Goosehead performed its Agreement obligations from Westlake, Texas. Tex. Bus. & Com. Code § 271.004(b)(1)(D); *see also* Goosehead Br. 14–15.

- In addition to negotiating exclusively from Texas, Goosehead signed the Agreement in Texas. Tex. Bus. & Com. Code § 271.004(b)(1)(E); *see also* Goosehead Br. 13–14.

All of the above factors indicate that the parties' qualified transaction is not only reasonably related to Texas, but that Texas is the jurisdiction most substantially related to this dispute.

Therefore, the parties' qualified transaction renders any analysis of Michigan fundamental policy irrelevant. Tex. Bus. & Com. Code § 271.005(b). The Court should enforce the Provision, dismiss Defendants' non-cognizable claims and apply Texas law to the remaining claims.

### II.   TEXAS LAW HAS THE MOST NATURAL CONNECTION TO THIS DISPUTE.

The same result should be reached under the Restatement, as under Tex. Bus. & Com. Code § 271.001 *et seq. Cantu v. Jackson Nat. Life Ins. Co.*, 579 F.3d 434, 437 (5th Cir. 2009). Pursuant to a traditional Restatement analysis, the Court may properly enforce the Provision. To successfully evade the Provision, Defendants must prove that Michigan has (1) a more significant relationship with the parties and the transaction; (2) a materially greater interest in the enforceability of the Provision; **and** (3) a fundamental Michigan policy would be contravened by application of Texas law to this dispute. *See generally* Goosehead Br. 12–20 and ECF No. 48 ("Goosehead Reply Br.") 2–9. Defendants must establish *all* three elements. Apart from the Provision, Texas law is nonetheless applicable because it maintains the most significant relationship to the transaction. Goosehead Br. 19–20 & Goosehead Reply Br. 8–9.

### CONCLUSION

For the foregoing reasons, and those stated in its principal briefing, Goosehead asks the Court to apply Texas law to this dispute. The Court should further dismiss Defendants' unjust enrichment and tortious interference claims for failing to state claims upon which relief can be granted.

Dated: August 25, 2020.

*/s/Marc Kirkland*

| | |
|---|---|
| Marc F. Kirkland<br>Texas Bar No. 24046221<br>mkirkland@qslwm.com<br>Kristin Marker<br>Texas Bar No. 24098036<br>kmarker@qslwm.com<br>**Quilling, Selander, Lownds, Winslett & Moser, P.C.**<br>6900 Dallas Parkway, Suite 800<br>Plano, Texas 75024<br>Telephone: (214) 560-5444<br>Facsimile: (214) 871-2111 | Daniel M. Janssen (*admitted pro hac vice*)<br>daniel.janssen@quarles.com<br>Zachary T Eastburn (*admitted pro hac vice*)<br>zachary.eastburn@quarles.com<br>Lauren N. Zenk (*admitted pro hac vice*)<br>lauren.zenk@quarles.com<br>**Quarles & Brady LLP**<br>411 E. Wisconsin Ave.<br>Suite 2350<br>Milwaukee, WI 53202<br>Telephone: (414) 277-5000<br>Facsimile: (414) 271-3552<br>Attorneys for Plaintiff<br>Goosehead Insurance Agency, LLC |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of August, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send notice of the electronic filing to all counsel of record.

*/s/Marc Kirkland*